# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10436

United States Court of Appeals
Fifth Circuit

**FILED**

June 24, 2014

Lyle W. Cayce
Clerk

TRANSFIRST HOLDINGS, INCORPORATED;
TRANSFIRST MERCHANT SERVICES, INCORPORATED;
PAYMENT RESOURCES INTERNATIONAL, L.L.C.,

Plaintiffs-Appellees

v.

DOMINIC J. MAGLIARDITI;
DII INVESTMENTS, INCORPORATED,

Defendants-Appellants

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:06-CV-2303

Before SMITH, WIENER and PRADO, Circuit Judges.

PER CURIAM:*

Following a bench trial, the district court held Defendants-Appellants Dominic J. Magliarditi ("Magliarditi") and DII Investments, Inc. ("DII") (together, "Appellants")[1] liable for, *inter alia*, fraud by non-disclosure under Texas law and entered judgment for Plaintiffs-Appellees on that claim. On

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Other individual and corporate defendants were held liable for fraud, but those parties have not challenged the district court's judgment in this appeal.

No. 13-30691

appeal, Appellants challenge the district court's (1) holding of fraud, (2) determination that Magliarditi is personally liable for damages attributable to corporate defendant SSF Holdings, LLC ("SSF"), and (3) reliance on evidence adduced by Plaintiffs-Appellees' expert witness as to damages. Having reviewed the record on appeal, including the parties' briefs, the applicable law, and the district court's extensive January 19, 2010 findings of fact and conclusions of law and the March 8, 2011 order amending its findings of fact and conclusions of law, we AFFIRM for the following reasons:

1.      The district court correctly determined that Plaintiffs-Appellees detrimentally relied on Appellants' fraudulent non-disclosures.[2] Rule 52(a) of the Federal Rules of Civil Procedure "exacts neither punctilious detail nor slavish tracing of the claims issue by issue and witness by witness."[3] Consequently, "[i]f a trial judge fails to make a specific finding on a particular fact, the reviewing court may assume that the court impliedly made a finding consistent with its general holding so long as the implied finding is supported by the evidence."[4] As the district court's factual findings of reliance are amply supported by

---

[2] *United Teacher Assocs. Ins. Co. v. Union Labor Life Ins. Co.*, 414 F.3d 558, 567-58 (5th Cir. 2005) ("Courts in Texas have consistently held that fraud by nondisclosure or concealment requires proof of all of the elements of fraud by affirmative misrepresentation, including fraudulent intent, with the exception that the misrepresentation element can be proven by the nondisclosure or concealment of a material fact in light of a duty to disclose."); *Schlumberger Tech. Corp. v. Swanson*, 959 S.W.2d 171, 181 (Tex. 1997) ("The [respondents] assert that the jury's verdict must be sustained because reliance is not an element of a claim for fraud by non-disclosure. We disagree. Reliance is an element of fraud. Fraud by non-disclosure is simply a subcategory of fraud because, where a party has a duty to disclose, the non-disclosure may be as misleading as a positive misrepresentation of facts." (internal citations omitted)).

[3] *Century Marine Inc. v. United States*, 153 F.3d 225, 231 (5th Cir. 1998) (quoting *Burma Navigation Corp. v. Reliant Seahorse M/V*, 99 F.3d 652, 656 (5th Cir. 1996)).

[4] *Id.*

No. 13-30691

substantial evidence, they are not clearly erroneous.[5]  The district court thus did not err in holding Appellants liable for fraud.

2.     The district court explicitly found that Magliarditi purposefully used SSF and DII to perpetuate his fraud.  A court may pierce a corporate veil via the "sham to perpetrate a fraud" doctrine—which is not a separate cause of action—"'if recognizing the separate corporate existence would bring about an inequitable result.'"[6] Following the Texas courts' "flexible fact-specific approach focusing on equity," the district court properly concluded that recognizing the corporate existence of SSF and DII separate from Magliarditi would produce an inequitable result.[7]  The district court thus did not err in holding Magliarditi personally liable for damages attributed to SSF.

3.     The district court adopted a portion of Plaintiffs-Appellees' expert witness's testimony to determine lost-profit damages.  As the witness provided a sound basis for his assumptions and explained how he relied on them to reach his estimate of Plaintiffs-Appellees' lost profits, his testimony was not "the mere ipse dixit of a credentialed witness."[8]  The district court's factual findings regarding damages are

---

[5] *Delahoussaye v. Performance Energy Servs., L.L.C.*, 734 F.3d 389, 392 (5th Cir. 2013) ("To reverse for clear error, this court must have 'a definite and firm conviction that a mistake has been committed.'" (quoting *Canal Barge Co., Inc. v. Torco Oil Co.*, 220 F.3d 370, 375 (5th Cir. 2000))); *Arete Partners, L.P. v. Gunnerman*, 594 F.3d 390, 394 (5th Cir. 2010).

[6] *Bollore S.A. v. Imp. Warehouse, Inc.*, 448 F.3d 317, 326 (5th Cir. 2006) (quoting *Castleberry v. Branscum*, 721 S.W.2d 270, 272-73 (Tex. 1986)).

[7] *Permian Petroleum Co. v. Petroleos Mexicanos*, 934 F.2d 635, 644 (5th Cir. 1991) (citing *Castleberry*, 721 S.W.2d at 273).

[8] *Ellis v. United States*, 673 F.3d 367, 373 (5th Cir. 2012) (quoting *Jelinek v. Casas*, 328 S.W.3d 526, 536 (Tex. 2010)); *see also Guile v. United States*, 422 F.3d 221, 227 (5th Cir. 2005).

## No. 13-30691

supported by substantial evidence, and thus they are not clearly erroneous.[9]

The district court's third amended final judgment is, in all respects,

AFFIRMED.

---

[9] *French v. Allstate Indem. Co.*, 637 F.3d 571, 577 (5th Cir. 2011); *see also Ellis*, 673 F.3d at 373; *Guile*, 422 F.3d at 227.